UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SALLY BEAUTY HOLDINGS, INC. and SALLY BEAUTY SUPPLY LLC, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 4:25-cv-00950 |
| THE CINCINNATI INSURANCE COMPANY, THE CINCINNATI CASUALTY COMPANY, and LM INSURANCE CORPORATION, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT LM INSURANCE CORPORATION'S COUNTERCLAIMS AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs Sally Beauty Holdings, Inc. and Sally Beauty Supply LLC (collectively, "Sally Beauty") hereby file their Motion to Dismiss LM Insurance Corporation's ("Liberty") Counterclaims and Brief in Support, and would respectfully show the Court as follows:

## I.
## FACTUAL BACKGROUND

This dispute arises out of the failure by Sally Beauty's insurers, including Liberty, to fulfill their admitted duty to defend Sally Beauty. Sally Beauty was sued in numerous underlying lawsuits alleging claims for bodily injury arising out of the use of Sally Beauty's hair relaxer products manufactured by RNA Corporation ("RNA"). Sally Beauty sought coverage for the underlying lawsuits as an additional insured under RNA's insurance policies, including a primary commercial general liability policy issued by Liberty. Dkt. 4 ¶¶ 11-12, 15-18.

Liberty agreed to defend Sally Beauty in the underlying lawsuits and consented to Sally Beauty's retention of Sidley Austin as its defense counsel. Despite its agreement to defend Sally Beauty and its consent to Sally Beauty's retention of defense counsel, Liberty has paid <u>none</u> of Sally Beauty's defense costs, forcing Sally Beauty to fund the lion's share of its defense. *Id*. ¶¶ 22-26.

Sally Beauty has sued Liberty for breaching its duty to defend and violating the Texas Prompt Payment Statute. *Id.* ¶¶ 29-38. Liberty filed an Answer, Affirmative Defenses, and Counterclaim. Liberty's pleading asserts twelve affirmative defenses and four counterclaims, all of which exclusively seek declaratory relief. Dkt. 9 at 14-30.

## II.
## SUMMARY OF ARGUMENT

Liberty's declaratory judgment counterclaims fail to raise any issues not already raised by Sally Beauty's breach of contract claim and Liberty's affirmative defenses. The counterclaims are merely restatements of Liberty's affirmative defenses to Sally Beauty's breach of contract claim. The counterclaims thus add nothing in terms of resolving the issues or determining the parties' legal rights and should be dismissed as redundant. This result is required by a long line of Fifth Circuit authority, including two cases in which Liberty's own sister company argued for and obtained the dismissal of redundant declaratory judgment counterclaims in the same or similar circumstances involved here.

## III.
## ARGUMENT AND AUTHORITIES

### A.    Legal Standard.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Courts also have

discretion in determining whether to entertain a declaratory judgment action even when the suit otherwise satisfies subject matter jurisdictional requirements. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). A court thus should dismiss as redundant a declaratory judgment counterclaim when, as here, resolution of the plaintiff's substantive claim along with the defendant's affirmative defenses will resolve all issues raised by the declaratory judgment counterclaim. *Le-Vel Brands, LLC v. DMS Natural Health, LLC*, No. 4:20-CV-398-SDJ, 2021 WL 3048445, at *2 (E.D. Tex. July 20, 2021).

**B.    Liberty's Counterclaims for Declaratory Relief Should be Dismissed as Redundant.**

Liberty's counterclaims for declaratory relief should be dismissed as redundant because they fail to raise any issues not already raised by Sally Beautys' breach of contract claim and Liberty's affirmative defenses. *See, e.g.*, *Meridian Sec. Ins. Co. v. Morris*, No. 5:22-CV-151-RWS-JBB, 2023 WL 5313905, at *4 (E. D. Tex. Aug. 1, 2023), *report and recommendation adopted*, 2023 WL 5309892 (E.D. Tex. Aug. 17, 2023); *Le-Vel Brands*, 2021 WL 3048445, at *2; *Rail Scale, Inc. v. Balanced Railscale Certification, LLC*, No. 2:15-CV-0217-RSP, 2017 WL 319077, at *2 (E.D. Tex. Jan. 23, 2017) ("Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the plaintiff's affirmative claims."); *Sony BMG Music Entm't v. Crain*, No. 1:06-CV-567-TH, 2007 WL 9725180, at *1-2 (E.D. Tex. Sept. 20, 2007) ("When a counterclaim for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, a party may challenge the counterclaim on the ground that it is redundant and a decision on

the merits of plaintiff's claim will render the request for a declaratory judgment moot.") (citation omitted).[1]

Liberty's counterclaims are redundant and should be dismissed because they present the mirror image of Sally Beauty's breach of contract claim. As summarized below, each of Liberty's declaratory judgment counterclaims merely restate affirmative defenses to Sally Beauty's breach of contract claim in a misguided effort to seek a declaration of non-liability on that claim.

| Counterclaim | No. | Affirmative Defense | No. |
|---|---|---|---|
| Unreasonable Defense Costs | 1 | Reasonable Defense Costs | 3 |
| Pro Rata Allocation of Defense Costs | 2 | Pro Rata Allocation | 1 |
| Failure to Cooperate | 3 | Duty to Cooperate | 8 |
| | | Conditions Precedent [Including Alleged Failure to Cooperate] | 4 |
| Additional Grounds Precluding Coverage, in Whole or in Part | 4 | Damage Outside Policy Period | 6 |
| | | Damage First Occurring Prior to the Policy Period Exclusion | 7 |
| | | Expect or Intended Injury Exclusion | 9 |
| | | Other Insurance | 11 |
| | | Conditions Precedent | 4 |

Liberty's first counterclaim requests a declaration that its liability for defense costs is limited to the payment of reasonable defense costs and that Sally Beuaty's defense costs incurred are unreasonable. Dkt. 9 at 25-27, ¶¶ 32-39. This requested declaration is also the subject of Liberty's Third Affirmative Defense. *Id*. at 14-15. The extent of Liberty's liability for Sally Beauty's defense costs is already raised by, and properly resolved in the context of, Sally Beauty's breach of contract claim. *See, e.g.*, *Lyda Swinerton Builders, Inc. v. Okla. Surety Co*., 903 F.3d 435, 453 (5th Cir. 2018) (recognizing that defense costs are recoverable as damages against an insurer that breaches its duty to defend). Liberty's first counterclaim is redundant. The subject

---

[1] In addition to being redundant, Liberty's counterclaims are also specious.  Only after Sally Beauty had to sue Liberty for failing to pay any defense costs – and over a year after Liberty agreed to defend – did Liberty decide to raise coverage issues such as cooperation, failure to satisfy conditions precent, and that its defense obligation was limited. Sally Beauty will address the substance of such defenses/counterclaims as appropriate by separate motion.

matter of that claim is already raised by both Sally Beauty's breach of contract claim and Liberty's Third Affirmative Defense.

Liberty's second counterclaim requests a declaration that its obligation for defense costs must be allocated on a pro rata basis with any other valid and collectible insurance available to Sally Beauty. Dkt. 9 at 27-28, ¶¶ 40-46. This requested declaration is also the subject of Liberty's First Affirmative Defense. *Id*. at 14.  The extent of Liberty's liability for Sally Beauty's defense costs is already raised by, and properly resolved in the context of, Sally Beauty's breach of contract claim. *Lyda Swinerton,* 903 F.3d at 453 (recognizing that defense costs are recoverable as damages against an insurer that breaches its duty to defend). Liberty's second counterclaim is redundant. The subject matter of that claim is already raised by both Sally Beauty's breach of contract claim and Liberty's First Affirmative Defense.

Liberty's third counterclaim requests a declaration that Sally Beauty's breach of the cooperation clauses in the Liberty Policies bars Sally Beauty's claims.  Dkt. 9 at 28-29, ¶¶ 47-54. This requested declaration is also the subject of Liberty's Fourth and Eighth Affirmative Defenses. *Id*. at 15-16. Liberty's third counterclaim is duplicative. The subject matter of that claim is already raised by both Sally Beauty's breach of contract claim and Liberty's Fourth and Eighth Affirmative Defenses. *See, e.g.*, *Leon Capital Group, LLC v. Princeton Excess & Surplus Lines Ins. Co*., No. 3:24-CV-0098-L, 2024 WL 4999194, at *4 (N.D. Tex. Nov. 8, 2024), *report and recommendation adopted*, 2024 WL 4879868, at *1-2 (N. D. Tex. Nov. 25, 2024) (dismissing insurer's request for a declaratory judgment that the insured failed to comply with a condition precedent as already before the Court since compliance with a condition precedent would be addressed via the insured's breach of contract claim and the insurer's failure to satisfy a condition precedent defense).

Liberty's fourth counterclaim seeks declarations that Liberty has no duty to defend (a) claims that do not involve bodily injury caused by an occurrence that occurs during the Liberty Policies' December 18, 2007 – January 1, 2009 periods; (b) pursuant to a Damage First Occurring Prior to the Policy Period exclusion; (c) pursuant to an Expected or Intended Injury exclusion; (d) to the extent that the Liberty Mutual Policies' other insurance provisions bar or limit Liberty's obligation to defend; and (e) to the extent that Sally Beauty has failed to satisfy conditions precedent to coverage.  Dkt. 9 at 29-30, ¶¶ 56-57. Each of these requested declarations is likewise the subject of an affirmative defense Liberty asserts:  (v)  Sixth Affirmative Defense (alleging that the Liberty Policies do not cover any bodily injury occurring outside the policy period of the Liberty Policies); (w) Seventh Affirmative Defense (raising the Damage First Occurring Prior to the Policy Period exclusion); (x) Ninth Affirmative Defense (raising the Expected or Intended Injury exclusion); (y) Eleventh Affirmative (raising the application of the Policies' other insurance provisions); and (z) Fourth Affirmative Defense (alleging a failure to satisfy conditions precedent in the Liberty Policies). *Id.* at 14-17. Liberty's fourth counterclaim is thus entirely redundant of its Fourth, Sixth, Seventh, Ninth, and Eleventh Affirmative Defenses.

Each of the requested declarations in Liberty's fourth counterclaim also involve the application of different contractual provisions to Sally Beauty's coverage claim. They are thus already raised by, and properly resolved in the context of, Sally Beauty's breach of contract claim without the need for a duplicative declaratory judgment counterclaim. *See, e.g.*, *Lorenzen v. Arch Ins. Co.*, No. 3:06-CV-0219-P, 2006 WL 8437697, at *2 (N. D. Tex. June 21, 2006) (dismissing insurer's request for a declaration that the insureds could not establish that the underlying lawsuits fell within the scope of policy coverage as moot in light of plaintiffs' breach of contract claim and the asserted defenses to that claim); *Albritton Props. v. Am. Empire Surplus Lines*, No. 3:04-cv-

2531, 2005 WL 975423, at *2-3 (N.D. Tex. Apr. 25, 2005) (dismissing insurer's declaratory judgment counterclaim as duplicative of insured's breach of contract claim, explaining that "the Court must necessarily determine the parties' rights and duties under the Policy in order to decide the breach of contract action," and "a declaratory judgment would simply duplicate this determination"); *see also Klein v. Fed. Ins. Co.,* No. 7:03-CV-102-D, 2014 WL 4476556, at *8-9 (N.D. Tex. Sept. 11, 2014) (dismissing insurer counterclaims requesting a declaration that coverage was precluded by policy exclusions and the insured's breach of a condition precedent as merely presenting the mirror image of the plaintiffs' request for a declaration that the insurer owed indemnification because the insurer's counterclaims simply presented defenses to the plaintiffs' declaratory judgment action and sought to establish the predicates for a declaration that the insurer had no indemnification obligation).

Because Liberty's counterclaims only raise issues that will be resolved in the context of Sally Beauty's breach of contract claim and Liberty's affirmative defenses to that claim, they should be dismissed as redundant. Courts within the Fifth Circuit have repeatedly dismissed declaratory judgment counterclaims as redundant in insurance coverage cases where, as here, the counterclaims fail to raise issues not already raised by the plaintiff's claim and the affirmative defenses to that claim. *See, e.g., Leon Capital Group,* 2024 WL 4999194, at *4; *Meridian,* 2023 WL 5313905, at *4; *Admiral Ins Co. v. West Rest Haven, Inc.,* No. 6:19-CV-00190-ADA-JCM, 2019 WL 6037259, at *2-3 (W.D. Tex. Sept. 16, 2019) (dismissing declaratory judgment counterclaim where the allegations added nothing to the lawsuit in terms of resolution of the issues or the determination or the parties' legal rights because they were either a restatement of the plaintiff's claims in the inverse or potential defenses to the plaintiff's claims); *Klein,* 2014 WL 4476556, at *8 (N. D. Tex. 2014); *Synthetic Oils & Lubricants of Tex., Inc. v. Essex Ins. Co.*, No.

H-07-3276, 2008 WL 11399493, at *1-2 (S.D. Tex. Aug. 15, 2008); *Lorenzen,* 2006 WL 8437697, at *2; *Albritton,* 2005 WL 975423, at *2-3.

The positions of Liberty's own sister company, Liberty Insurance Corporation ("LIC"), further compel the dismissal of Liberty's counterclaims. LIC has, on at least two separate occasions, advanced the same arguments that Sally Beauty asserts here in successfully seeking and obtaining the dismissal of redundant declaratory judgment counterclaims filed against it in LIC-initiated coverage litigation. *See Liberty Ins. Corp. v Omni Constr. Co., Inc.*, No. 4:21-cv-02119, 2022 WL 2373734, at *3-4 (S.D. Tex. June 09, 2022), *report and recommendation adopted*, 2022 WL 2359643 (S.D. Tex. June 29, 2022) (dismissing declaratory judgment counterclaim that raised no issues beyond those implicated by LIC's initial claim and thus added nothing to the existing lawsuit); *Liberty Ins. Corp. v. Arch Ins. Co.*, No. 4:20-CV-098-A, 2020 WL 3065523, at *3-4 (N. D. Tex. June 8, 2020) (dismissing declaratory judgment counterclaim as duplicative where it sought to address the merits of LIC's claim, restated defenses set forth in the answer to that claim, and asked the court to declare the defenses meritorious).

### IV.
### CONCLUSION

Liberty's declaratory judgment counterclaims add nothing to the issues already before the Court. The issues raised by the counterclaims can be resolved in the context of Sally Beauty's breach of contract claim and Liberty's affirmative defenses to that claim. Liberty's duplicative declaratory judgment counterclaims thus serve no useful purpose and should be dismissed.

WHEREFORE, Sally Beauty respectfully requests that this Court (1) grant Plaintiffs' Motion to Dismiss Liberty's counterclaims in its entirety, (2) enter an order dismissing each of

Liberty's counterclaims, and (3) grant Sally Beauty such other and further relief to which it may be entitled.

Dated: December 3, 2025                    Respectfully submitted,

                                          /s/ Erika Bright
                                          Erika Bright
                                          Texas Bar No. 24001752
                                          erika.bright@wickphillips.com
                                          Britton D. Douglas
                                          Texas Bar No. 24056731
                                          britton.douglas@wickphillips.com
                                          Charles C. Keeble, Jr.
                                          Texas Bar No. 1115010
                                          charles.keeble@wickphillips.com

                                          **WICK PHILLIPS GOULD & MARTIN LLP**
                                          3131 McKinney Avenue, Suite 500
                                          Dallas, Texas 75204
                                          Telephone: (214) 692-6200
                                          Facsimile: (214) 692-6255

                                          **ATTORNEYS FOR PLAINTIFFS**
                                          **SALLY BEAUTY HOLDINGS, INC. AND**
                                          **SALLY BEAUTY SUPPLY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants on December 3, 2025.

                                          /s/ Erika Bright
                                          Erika Bright