**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SALLY BEAUTY HOLDINGS, INC. and SALLY BEAUTY SUPPLY LLC, | § § § | Civil Action No. 4:25cv950 |
| Plaintiffs, | § § | |
| | § | Jury Trial Demanded |
| v. | § § | |
| | § | LM INSURANCE CORPORATION'S |
| THE CINCINNATI INSURANCE | § | REPLY IN SUPPORT OF ITS MOTION TO |
| COMPANY, THE CINCINNATI | § | DISMISS COUNTS B, D, E, F, G, AND H |
| CASUALTY COMPANY, and LM | § | OF PLAINTIFFS' SECOND AMENDED |
| INSURANCE CORPORATION, | § | COMPLAINT |
| | § | |
| Defendants. | § | |

**<u>LM INSURANCE CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS COUNTS B, D, E, F, G, AND H OF
PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT ............................................................................................................. 2

    A.    The bona fide dispute doctrine bars almost all the extra-contractual relief Sally Beauty seeks. .................................................................................. 2

    B.    Sally Beauty's Texas statutory claims must be dismissed under Rule 12(b)(6). ............................................................................................................... 3

        1.    Sally Beauty still fails to state plausible facts supporting a Texas Prompt Payment Act violation. ......................................................... 3

        2.    Sally Beauty fails to state a claim under Chapter 541's Unfair Settlement Practices provisions. ................................................................. 5

    C.    Sally Beauty's Illinois statutory claims must also be dismissed under Rule 12(b)(6). ........................................................................................................ 8

        1.    Sally Beauty pleads itself out of its Section 155 claim by alleging a bona fide dispute, not vexatious or unreasonable conduct. .......................................................................................................... 8

        2.    Sally Beauty's ICFA claim is concededly preempted. ............................... 8

    D.    Sally Beauty's declaratory judgment claim is duplicative. .................................... 9

III.  CONCLUSION ....................................................................................................... 10

CERTIFICATE OF SERVICE ..................................................................................... 11

i

## TABLE OF AUTHORITIES

*Cases*

*Allender v. Guardian Life Ins. Co. of Am.*,
   592 F. Supp. 541 (N.D. Ill. 1984) ........................................................................................ 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 2

*Bakri v. Nautilus Ins. Co.*,
   No. 3:21-CV-2001-N, 2023 WL 1805142 (N.D. Tex. Feb. 7, 2023) ...................................... 7

*Blue Star Sports Holdings, Inc. v. Fed. Ins. Co.*,
   658 F. Supp. 3d 351 (E.D. Tex. 2023) ............................................................................... 5, 6

*Carlisle Banquets Inc. v. Owners Ins. Co.*,
   591 F. Supp. 3d 333 (N.D. Ill. 2022) ................................................................................... 2

*Childs v. State Farm Mut. Auto. Ins. Co.*,
   29 F.3d 1018 (5th Cir. 1994) .............................................................................................. 10

*Cramer v. Ins. Exch. Agency*,
   174 Ill. 2d 513 (1996). .......................................................................................................... 8

*Dowding v. Nationwide Mut. Ins. Co.*,
   490 F. Supp. 3d 1291 (N.D. Ill. 2020) ................................................................................. 8

*Gant v. State Farm Lloyds*,
   No. 3:21-CV-2164-B, 2022 WL 254353 (N.D. Tex. Jan. 27, 2022) ................................... 6, 7

*Hall Arts Ctr. Off., LLC v. Hanover Ins. Co.*,
   327 F. Supp. 3d 979 (N.D. Tex. 2018) ................................................................................. 3

*Higginbotham v. State Farm Mut. Auto Ins. Co.*,
   103 F.3d 456 (5th Cir. 1997) ............................................................................................... 3

*Kim v. Nationwide Mut. Ins. Co.*,
   614 F. Supp. 3d 475 (N.D. Tex. 2022) ................................................................................. 2

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*,
   242 S.W.3d 1 (Tex. 2007) ..................................................................................................... 5

*Leona's Pizzeria, Inc. v. Nw. Nat'l Cas. Co.*,
   203 F. Supp. 2d 930 (N.D. Ill. 2002) ................................................................................... 9

*Lester v. Unitrin Safeguard Ins. Co.*,
No. 4:20-CV-404-A, 2020 WL 4583839 (N.D. Tex. Aug. 10, 2020) ........................................ 7

*Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*,
903 F.3d 435, 443 (5th Cir. 2018) ..................................................................................... 5

*Markel Am. Ins. Co. v. Dolan*,
787 F. Supp. 2d 776 (N.D. Ill. 2011) ................................................................................ 8

*Mazur v. Hunt*,
227 Ill. App. 3d 784 (1st Dist. 1992) ................................................................................ 9

*Partners & Friends Holding Corp. v. Cottonwood Minerals L.L.C.*,
653 F. Supp. 3d 344 (N.D. Tex. 2023) ............................................................................. 9

*Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*,
29 S.W.3d 74 (Tex. 2000).................................................................................................. 3

*Remprex, LLC v. Certain Underwriters at Lloyd's London*,
2023 IL App (1st) 211097 ................................................................................................. 3

*S. Leasing Partners, Ltd. v. McMullan*,
801 F.2d 783 (5th Cir. 1986)........................................................................................... 10

*Sieron v. Hanover Fire & Cas. Ins. Co.*,
485 F. Supp. 2d 954 (S.D. Ill. 2007) ................................................................................ 8

*USAA Tex. Lloyds Co. v. Mechana*,
545 S.W.3d 479 (Tex. 2018)......................................................................................... 5, 6

**Statutes**

215 ILCS 5/155................................................................................................................. 3, 8

815 ILCS 505 *et seq.*................................................................................................... 3, 8, 9

Tex. Ins. Code. § 541.060 *et seq.* .............................................................................. 5, 6, 7

Tex. Ins. Code. § 541.060(a)(2)(A)................................................................................. 3, 6

Tex. Ins. Code § 541.060(a)(3) ....................................................................................... 3, 6

Tex. Ins. Code § 541.060(a)(5) ....................................................................................... 3, 7

Tex. Ins. Code. § 541.060(a)(7) ...................................................................................... 3, 7

Tex. Ins. Code. § 542.051 *et seq.* ............................................................................ 3, 4, 5, 6

Tex. Ins. Code. § 542.051 ................................................................................................... 4

Tex. Ins. Code. § 542.055 ................................................................................................ 4

Tex. Ins. Code. § 542.056 ................................................................................................ 4

Tex. Ins. Code. § 542.058 ................................................................................................ 4

### *Rules*

Fed. R. Civ. P. 12.................................................................................................... 1, 3, 8

LM Insurance Corporation ("LMIC") hereby files its Reply in Support of its Motion to Dismiss Counts B, D, E, F, G, and H of the Plaintiffs Sally Beauty Holdings, Inc. and Sally Beauty Supply LLC's (collectively, "Sally Beauty") Second Amended Complaint, and would respectfully show the Court as follows:

## I.      INTRODUCTION

Sally Beauty sued LMIC over defense cost payments under a single policy arising from LMIC's handling of invoices in the Underlying Hair Relaxer Litigation. The Second Amended Complaint does not add to those facts. Instead, it layers on a series of extra-contractual claims under Illinois and Texas law that add nothing new and fail to state a claim upon which relief can be granted. The same billing disagreement is now relabeled as a declaratory claim as well as statutory violations. With these multiplied labels, Sally Beauty transparently attempts to pursue punitive damages, treble damages, and statutory penalties that are otherwise unavailable under a straightforward breach of contract theory.

LMIC is entitled to dismissal of these extra-contractual and declaratory claims under Rule 12(b)(6). The Second Amended Complaint pleads nothing more than a bona fide dispute over reasonableness and allocation. Because Sally Beauty fills the gaps with conclusions and post hoc attorney arguments, it never gets to plausibility. Since the declaratory claim seeks the same forward-looking relief now packaged as specific performance, it is duplicative and unnecessary. Despite Sally Beauty's best efforts in its response, it consistently falls short of its burden to state any claim for extra-contractual relief.

This is not a case about unfair or deceptive insurance practices and corresponding damages, which were not pled. It is a dispute over what LMIC owed under the LMIC Policy, in addition to when any owed payments are due. That is precisely the type of contract dispute the law confines to contract remedies, not expanded statutory liability. Allowing Sally Beauty to proceed on these

1

redundant and misplaced theories would only multiply the claims, expand discovery, and waste both the parties' and the Court's resources without changing the underlying dispute. The Court should grant LMIC's motion and dismiss the extra-contractual and declaratory claims with prejudice, along with the request for statutory attorneys' fees.

## II.    ARGUMENT

### A.    The bona fide dispute doctrine bars almost all the extra-contractual relief Sally Beauty seeks.

At the outset, Sally Beauty's "no bona fide dispute" theory collapses under its own weight. The Second Amended Complaint alleges that LMIC agreed to pay only "reasonable" defense costs as well as audited invoices, reduced charges that it found excessive, and disputed allocation amounts based on application of Illinois law. (Dkt. 31 ¶¶ 28–29, 52, 58, 62). Those are not allegations of a fixed, undisputed obligation. Rather, they describe an active disagreement over what LMIC owed Sally Beauty under the LMIC Policy. Labeling LMIC's position "wrong" merely underscores the bona fide nature of this dispute.

Tellingly, Sally Beauty's response sidesteps these allegations with conclusions. It strings together a selective narrative and asserts there was no good-faith dispute. (Dkt. 47 at 9–13). However, factual allegations, not conclusions, control at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Sally Beauty's own allegations show that LMIC accepted coverage, evaluated invoices, adjusted them, and disputed both reasonableness and allocation. (Dkt. 31 ¶¶ 28–29). That is a bona fide dispute. *See Carlisle Banquets Inc. v. Owners Ins. Co.*, 591 F. Supp. 3d 333, 340 (N.D. Ill. 2022) (granting, under Illinois law, motion to dismiss under Rule 12(b)(6) based on insurer demonstrating a bona fide dispute); *Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 494 (N.D. Tex. 2022) (finding that a "bona fide controversy is sufficient reason for failure of an insurer to make a prompt payment of a loss claim"); *cf. Prudential Ins. Co. of Am. v. Fin.*

2

*Rev. Servs., Inc.*, 29 S.W.3d 74, 81 (Tex. 2000) (holding insured had an "absolute right to object to the bills, question the bills, investigate the bills, complain about the procedures used to come up with the bills, and to complain generally about the practice of late-charge billing").

Sally Beauty admits through its silence that a bona fide dispute defeats its claims under Texas Insurance Code Sections 541.060(a)(2)(A) and (a)(7) (the Texas Unfair Claims Settlement Practices Act) and Illinois Insurance Code Section 155. Contrary to its repeated assertions, most of Sally Beauty's remaining extra-contractual claims rise or fall on the same issue. A bona fide dispute also defeats its claims under Texas Insurance Code Sections 542.060(a)(3) and (a)(5), and the Illinois Consumer Fraud and Deceptive Practices Act (ICFA). *Hall Arts Ctr. Off., LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 999 (N.D. Tex. 2018) (citing *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("A 'bona fide dispute' regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code."); *Remprex, LLC v. Certain Underwriters at Lloyd's London*, 2023 IL App (1st) 211097, ¶ 90 (holding, in part, that bona fide coverage dispute defeats claim under the ICFA); *Allender v. Guardian Life Ins. Co. of Am.*, 592 F. Supp. 541, 543–44 (N.D. Ill. 1984) (same).

In short, Sally Beauty's own allegations establish a bona fide dispute regarding LMIC's obligations under the LMIC Policy, and therefore, all of Sally Beauty's extra-contractual theories under Counts D, E, and F are foreclosed. Accordingly, those claims should be dismissed with prejudice.

**B.      Sally Beauty's Texas statutory claims must be dismissed under Rule 12(b)(6).**

**1.      Sally Beauty still fails to state plausible facts supporting a Texas Prompt Payment Act violation.**

Sally Beauty still does not sufficiently plead a Texas Prompt Payment Act claim (Count B). Initially, Sally Beauty ignores its shotgun pleading problem and instead assumes the Court and the

3

parties will sift through scattered allegations to construct a Prompt Payment Act claim on its behalf. That approach is improper on its face. Despite its best efforts to deflect, Sally Beauty's Chapter 542 claim itself remains void of merit, offering only conclusory assertions that LMIC failed to "promptly pay" without tying any facts to the statutory elements. (Dkt. 31 ¶¶ 42–44). That defect alone is fatal.

In any event, Sally Beauty emphasizes in its response that LMIC agreed to defend it in the Underlying Hair Relaxer Litigation in August 2024, consented to defense counsel, received more than 225 invoices, audited only 19 of them, made one payment in December 2025, and paid only a small fraction of what Sally Beauty demanded. (Dkt. 47 at 15–16). None of those allegations states a Prompt Payment Act violation. To establish such a claim, Chapter 542 requires facts showing: (1) when a statutory claim was made; (2) when the insurer received all items, statements, and forms reasonably necessary to evaluate that claim; (3) which statutory deadline was triggered, and (4) how the insurer failed to comply with that deadline. Tex. Ins. Code. § 542.051, .055, .056, .058. All these allegations are noticeably absent from Sally Beauty's Second Amended Complaint.

The facts Sally Beauty highlights also prove too little for another reason. If Sally Beauty's theory is that each invoice was a separate statutory claim, then it never pleads when any particular invoice was submitted, when any particular invoice became complete, or when any deadline as to any particular invoice expired. If its theory is that all 225 invoices somehow form one aggregated "claim," the response does not explain how Chapter 542 permits that theory either. Even taking Sally Beauty's highlighted facts as true (as this Court must), they show only that the parties disputed and processed defense cost invoices over time. Without more, Sally Beauty's claims should be dismissed with prejudice.

4

### 2.    Sally Beauty fails to state a claim under Chapter 541's Unfair Settlement Practices provisions.

Sally Beauty's claim under Chapter 541 (Count D) in this matter is improper because the proper vehicle for recovering defense costs allegedly not timely paid is a Chapter 542 claim. *See Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 18 (Tex. 2007). Because Sally Beauty's allegations concern the timing and amount of payment of defense costs, its statutory remedy lies, if anywhere, under Chapter 542 alone. Sally Beauty failed to address this argument in its response, choosing instead to mischaracterize LMIC's position as contesting whether defense costs are a first-party claim. LMIC makes no such argument. It is LMIC's position that a claim regarding timely payment of underlying defense costs, being a first party claim, would form the basis of a Chapter 542 claim (had it been properly pled)—not Chapter 541—as established by the Texas Supreme Court in its decision in *Lamar Homes*.

The only way for Sally Beauty to make a valid claim under Chapter 541 would be to plead an independent injury or a right to specific policy benefits. It has done neither. The cases Sally Beauty cites confirm this requirement. *USAA Texas Lloyds Co. v. Mechana* preserves two paths to a potential recovery under Chapter 541: (1) an independent injury, or (2) entitlement to policy benefits lost because of the insurer's statutory violation. *USAA Tex. Lloyds Co. v. Mechana*, 545 S.W.3d 479, 500 (Tex. 2018). *Lyda Swinerton Builders, Inc. v. Oklahoma Surety Co.* followed that framework and allowed recovery only because the insured alleged that an insurer made misrepresentations, wrongfully disclaimed a duty to defend, and sought the value of defense benefits it claimed were wrongfully denied. *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 443, 453 (5th Cir. 2018). *Blue Star Sports Holdings, Inc. v. Federal Insurance Co.* is more of the same, permitting the claim to proceed because the insurer completely refused to provide its insured with first-party coverage under an "employee theft" provision. *Blue Star Sports*

5

*Holdings, Inc. v. Fed. Ins. Co.*, 658 F. Supp. 3d 351, 358 (E.D. Tex. 2023). In each case, the insured tethered its Chapter 541 extra-contractual claim to identifiable benefits owed under the policy that were immediately and entirely disclaimed by the insurer. Our present matter is distinguishable.

Here, Sally Beauty does not allege that LMIC denied a defense or withheld a defined benefit entirely. To the contrary, Sally Beauty alleges that LMIC accepted the defense, reviewed invoices, paid some amounts, and disputed others as unreasonable or improperly allocated on a pro rata basis. (Dkt. 31 ¶¶ 25, 28–29). A dispute over the amount and timing of benefits is distinguishable from a wholesale denial of benefits. Without a pleaded entitlement to benefits owed and withheld entirely, Sally Beauty cannot proceed under *Menchaca*'s benefits-based path, and it pleads no independent injury. Its extra-contractual claims under Chapter 541, therefore fail.

On the merits, Sally Beauty's Section 541.060(a)(2)(A) claim still fails because its allegation that liability was "reasonably clear" is purely conclusory. In response, Sally Beauty points to the same few allegations—that LMIC agreed to defend, that its defense costs are "reasonable and necessary," and that LMIC delayed payment and paid only a fraction of the invoices—and says that is enough. (Dkt. 47 at 19). But it is not. None of those allegations identify *when* liability became reasonably clear, the *amount* then owed, or the *facts* that purportedly established reasonableness. Calling costs "reasonable" while maintaining that liability is "clear" does not make it so and does not come close to satisfying Sally Beauty's pleading obligation. *Gant v. State Farm Lloyds*, No. 3:21-CV-2164-B, 2022 WL 254353, at *5 (N.D. Tex. Jan. 27, 2022).

Similarly, Sally Beauty's Section 541.060(a)(3) theory never gets off the ground because it challenges adequacy, not absence. The statute targets a failure to provide a "reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim." Tex. Ins. Code § 541.060(a)(3). Sally Beauty concedes, as they must, that LMIC reviewed invoices, issued audit

comments, reduced charges, and articulated its positions on payment and allocation. (Dkt. 31 ¶ 28, 52(b), 62(e); Dkt. 47 at 20). Those allegations foreclose any claim that LMIC failed to explain its actions. Sally Beauty's repeated attacks on the explanations as "arbitrary, inconsistent, and erroneous" are conclusory and fail to articulate a statutory violation. *Gant*, 2022 WL 254353, at *5; *Bakri v. Nautilus Ins. Co.*, No. 3:21-CV-2001-N, 2023 WL 1805142, at *5 (N.D. Tex. Feb. 7, 2023).

Sally Beauty's Section 541.060(a)(5) claim fails for the same reason. The Second Amended Complaint merely reiterates the statute, asserting that LMIC "refused, failed, and unreasonably delayed" payment based on the existence of other insurance. (Dkt. 31 ¶ 52(c)). In response, Sally Beauty repeats that allegation and points to LMIC's pro rata position. (Dkt. 47 at 21). That is not enough. Sally Beauty pleads no facts showing that LMIC's position was based on an "other insurance" argument or why any delay was "unreasonable."

Last, the Section 541.060(a)(7) claim cannot survive. Sally Beauty alleges that LMIC conducted no reasonable investigation, but its own allegations indicate otherwise. (Dkt. 31 ¶¶ 28–29). Its response tries to turn those facts into a statutory violation by criticizing the scope and timing of LMIC's review. (Dkt. 47 at 21–22). Yet Sally Beauty does not dispute that this claim is nothing more than a disagreement over how a billing audit was conducted, which by itself is not plausibly stated. *Lester v. Unitrin Safeguard Ins. Co.*, No. 4:20-CV-404-A, 2020 WL 4583839, at *4 (N.D. Tex. Aug. 10, 2020). Because Sally Beauty fails to plead facts sufficient to state any claim under Chapter 541, each should be dismissed with prejudice.

**C.**     **Sally Beauty's Illinois statutory claims must also be dismissed under Rule 12(b)(6).**

    **1.**     **Sally Beauty pleads itself out of its Section 155 claim by alleging a bona fide dispute, not vexatious or unreasonable conduct.**

Just like its other statutory claims, Sally Beauty's Section 155 theory (Count E)[1] fails because the facts it pleads show a bona fide dispute, not vexatious conduct. As explained above, that alone is dispositive. The Second Amended Complaint itself forecloses any Section 155 claim, and Sally Beauty offers no meaningful response to that point. Curiously, Sally Beauty accuses LMIC of failing to investigate or explain while at the same time alleging that LMIC reviewed invoices, conducted audits, provided comments, and paid portions of the claim while disputing others. (Dkt. 31 ¶ 58). Sally Beauty's conclusory claims to the contrary cannot support Section 155 liability.[2] Sally Beauty has not, and cannot, point to vexatious or unreasonable conduct by LMIC. Accordingly, such a claim should be dismissed with prejudice.

    **2.**     **Sally Beauty's ICFA claim is concededly preempted.**

Sally Beauty does not dispute that its ICFA claim (Count F) is preempted if it merely repackages its breach of contract theory. The allegations Sally Beauty highlights do nothing more

---

[1] LMIC maintains that Illinois law governs the LMIC Policy and any remedies flowing from its alleged breach. (Dkt. 39 at 19, 32–33). This includes Section 155, which provides the exclusive extracontractual remedy under Illinois law for alleged vexatious and unreasonable conduct. *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519 (1996). Any separate claims-handling theories, to the extent they exist, are governed by Texas law.

[2] Sally Beauty's cited case law is easily distinguishable. *See Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (holding Section 155 claim plausible when insured alleged that insurer "denied his claim based in part on incomplete information and speculation"); *Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F. Supp. 2d 954, 960 (S.D. Ill. 2007) (holding Section 155 claim plausible when insured alleged "unreasonable demand letter, refusal to negotiate, failure to investigate [plaintiff's] claim properly, and untimely claim resolution were all attempts to get her to walk away from her claim"); *Dowding v. Nationwide Mut. Ins. Co.*, 490 F. Supp. 3d 1291, 1297 (N.D. Ill. 2020) (holding Section 155 claim plausible when plaintiff alleges that insurer denied claim without conducting any investigation and providing no explanation).

8

than restate the same billing dispute, dressed in the language of unfair settlement practices. (Dkt. 47 at 24–25). Assertions that LMIC delayed payment, requested information, evaluated invoices, or took positions on allocation all arise from and depend on the same alleged failure to pay defense costs under the LMIC Policy. That is contract performance, not a separate deceptive practice. Re-labeling those same facts as "unfair" or "deceptive" does not create an independent claim seeking independent damages from the alleged breach of the LMIC Policy. *Leona's Pizzeria, Inc. v. Nw. Nat'l Cas. Co.*, 203 F. Supp. 2d 930, 933 (N.D. Ill. 2002) (collecting cases); *Mazur v. Hunt*, 227 Ill. App. 3d 784, 792 (1st Dist. 1992) (holding "action which seeks as compensatory damages the same relief as available under the insurance policy is preempted"). Because the ICFA theory is entirely derivative of the alleged breach, it is preempted and must be dismissed.

Even if Sally Beauty's claim were not preempted, Sally Beauty does not meaningfully dispute that it failed to allege facts satisfying the elements of an ICFA claim. Its response does not identify any specific misrepresentation, reliance, or conduct occurring in trade or commerce between the parties that would be unfair. Having failed to cure these defects and offering no basis to do so, Sally Beauty's ICFA claim should be dismissed with prejudice.

> **D.      Sally Beauty's declaratory judgment claim is duplicative.**

Sally Beauty's response in defense of its declaratory judgment claim (Count G) does not cure the pleading defect. The Second Amended Complaint pleads no distinct controversy for declaratory relief. (Dkt. 31 ¶¶ 69–72). Faced with that gap, Sally Beauty pivots in its brief, claiming the dispute now lies in the possibility that defense costs may continue to accrue after this case. (Dkt. 47 at 28). That theory, however, appears nowhere in the pleading. A response brief cannot supply these missing allegations. *Partners & Friends Holding Corp. v. Cottonwood Minerals L.L.C.*, 653 F. Supp. 3d 344, 351 (N.D. Tex. 2023). Nor may a plaintiff plead a skeletal claim and fill in the blanks later through arguments in a brief. *S. Leasing Partners, Ltd. v. McMullan*, 801

9

F.2d 783, 788 (5th Cir. 1986), *abrogated on other grounds by Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023–24 (5th Cir. 1994).

The duplication problem is just as clear—and now effectively admitted. Sally Beauty does not dispute that its declaratory claim tracks its breach of contract claim, and its amendment underscores the point. The breach count now seeks specific performance requiring LMIC to pay future defense costs, the same prospective relief the declaratory claim supposedly now invokes. (Dkt. 31 ¶ 41). That amendment eliminates any daylight between the two. The breach of contract claim will resolve what LMIC owes under the policy, including any continuing obligations, and a separate declaration would add nothing. Thus, the declaratory claim should be dismissed.

## III.    CONCLUSION

For the reasons set forth above, Defendant, LM Insurance Corporation, respectfully requests that this Court: (1) grant this motion; (2) dismiss Counts B, D, E, F, G, and H of Sally Beauty's Second Amended Complaint (Dkt. 31) with prejudice; and (3) grant such other relief as this Court deems just.

Dated: April 3, 2026.                                Respectfully Submitted,

*/s/ Bradley C. Williams*
David M. Alt (*pro hac vice*)
I. Jordan Lowe (*pro hac vice*)
Kristin M. Johnson Holevas (*pro hac vice*)
Bradley C. Williams (Tex. Bar No. 24110534)
BATESCAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
Telephone:  312-762-3100
Facsimile:  312-762-3200
dalt@batescarey.com
ilowe@batescarey.com
kholevas@batescarey.com
bwilliams@batescarey.com

*Counsel for Defendant,*
*LM Insurance Corporation*

10

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel who are CM/ECF participants on April 3, 2026.

*/s/ Bradley C. Williams*
Bradley C. Williams